UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ELIJAH PARKER BEY,           )
                             )
                             )
     Plaintiff,              )
                             )
     v.                      )     17-CV-3224
                             )
PEOPLES OF THE STATE OF      )
ILLINOIS, A.K.A. JUDGE ROBERTS, )
et al.,                      )
                             )
     Defendants.             )

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from his detention in the Montgomery County Jail.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1]  This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff appears to challenge actions taken in Plaintiff's pending criminal case in Montgomery County, 2017CF118.  (www.judicid.com, last visited 10/13/17.)  He appears to argue that the Montgomery County Circuit Court has no jurisdiction over him because he is a citizen of Morocco.  Judge Roberts allegedly told Plaintiff that the case would be dismissed if Plaintiff brought someone with him from the Moroccan embassy.  *See also* 2017CF118, 5/8/17 docket entry (court advised that Plaintiff may contact Moroccan embassy for assistance if he believes he is being unlawfully detained.)  Plaintiff was apparently released on bond in the pending case but then arrested on a warrant for failure to appear at a drug screen.  2017CF118, 7/10/17 docket entry.  Plaintiff asks that this Court declare as unconstitutional the refusal of Judge Roberts to dismiss the criminal charges against Plaintiff and to award damages to Plaintiff.

These allegations allow no plausible inference that Plaintiff's constitutional rights were or are being violated in his criminal proceedings. Even if Plaintiff's constitutional rights are being violated in his criminal proceedings, that argument belongs first in Plaintiff's criminal case and then in appeals to the Illinois Appellate Court and Illinois Supreme Court. In any event, Judge Roberts and the State's Attorney are immune from damages for their actions taken in court, and officers executing warrants issued by judges do not violate the Constitution. Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."); Imbler v. Pachtman, 424 U.S. 409, 431 (1976)("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983."); Branson v. Murray (7th Cir. 2017)("A police officer who receives a facially valid arrest warrant is ordinarily expected to act upon it, not to second-guess the court's decision to issue it. The officer does not personally violate the Constitution by making the arrest the court has authorized.").

There is one set of allegations that might state a claim. Plaintiff alleges that he has no toothbrush, toothpaste, or soap and is unable to buy these items from the commissary. However, he does not set forth his attempts to obtain these items and the responses he received. For example, Plaintiff does not say if certain individuals refused his requests or if a Jail policy prohibited giving Plaintiff these items. Plaintiff will be given an opportunity to file an amended complaint about these allegations. Plaintiff is advised that he must first pursue the Jail's internal grievance procedure before filing a lawsuit in federal court. 42 U.S.C. § 1997e(a). If Plaintiff did not pursue the Jail grievance procedure before filing this case, then this case must be dismissed, without prejudice, upon motion of Defendants.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) By November 6, 2017, Plaintiff may file an amended complaint regarding his claim that he is being refused toothpaste,

soap, and a toothbrush.  If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).  If Plaintiff files an amended complaint, the amended complaint will replace the original complaint.  Piecemeal amendments are not permitted.

ENTERED:  10/17/2017

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE